UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

06 - 80

CIV-MIDDLEBROOKS

MAGISTRATE JUDGE
JOHNSON

SFM HOLDINGS, LTD.
        Plaintiff

Vs

JOHN KIM, SHORELAND
TRADING, LLC, WON LEE,
JUNG KIM,  and GARY LEWIS AS
RECEIVER for SHORELAND
TRADING, LLC
        Defendants
_____/

## COMPLAINT

### PARTIES AND JURISDICTION

Plaintiff, SFM Holdings, Ltd. through its General Partner SFM Investments, Inc.

sues Defendants, John Kim, Shoreland Trading, LLC, Won Lee,  and Gary Lewis as

Receiver for Shoreland Trading, LLC and alleges:

1. Plaintiff, SFM Holdings, Ltd. is a Georgia Limited Partnership doing business

in Florida whose general partner is SFM Investments, Inc. a Nevada corporation.

2. John Kim is an individual who resided in Palm Beach County, Florida, and

accepted the privilege of carrying on business in Florida at the time relevant to this

action, but whose whereabouts are currently unknown and who has concealed his

whereabouts. He did business from 222 Lakeview Avenue, Suite 1700, West Palm

Beach, Florida 33401.

3. Shoreland Trading, LLC is a foreign limited liability company organized under

the laws of Delaware, authorized to do business in Florida and conducting business from

222 Lakeview Avenue, Suite 1700, West Palm Beach, Florida 33401 during the time



1

relevant to the events giving rise to this complaint. Its authority to operate in Florida was revoked on September 16, 2005 for failure to file an annual report with the State of Florida.

4. Won Lee is an individual doing business with John Kim and Jung Kim who conducted business from 222 Lakeview Avenue, Suite 1700, West Palm Beach, Florida 33401.

5. Jung Kim is an individual doing business with John Kim and Won Lee who conducted business from 378 Northlake Blvd., Suite 300, North Palm Beach, Florida. Jung Kim and Won Lee are non-residents who accepted the privilege of carrying on business in this state and who have concealed there whereabouts.

6. Gary Lewis has been appointed Receiver for Shoreland Trading, LLC by this court in the case of Securities and Exchange Commission v. KL Group, LLC et al, Case No. 05-80186-CIV-Ryskamp/Vitunac. Gary Lewis does business in Miami, Florida. The Court has charged the receiver with taking control of all assets in the possession of Shoreland Trading, LLC as well as authority to defend or settle all suits against Shoreland Trading, LLC.

SUBJECT MATTER JURISDICTION

7. The United States District Court for the Southern District of Florida has asserted jurisdiction of this matter by virtue of its Receivership Case Management Order entered July 18, 2005 in the case of Securities and Exchange Commission v. KL Group, LLC et al, Case No. 05-80186-CIV-Ryskamp/Vitunac.

      a.   The Receivership Case Management Order was entered for the purpose of eliminating duplicative litigation in numerous jurisdictions

2

and to conserve the resources of the court, investors and Receivership Entities. Par II, Receivership Case Management Order

b. The Receivership Case Management Order requires that any suit or proceeding including any cause of action that may belong to any investor against Individual Defendants, the Receivership Entities, banks, brokerage houses, service providers or other third parties, unless expressly authorized by the court must be brought in the U.S. District Court for the Southern District of Florida in the form of a proceeding ancillary to this Receivership Proceeding. Par. VIII A, Receivership Case Management Order.

8.  SFM Holdings, Ltd. is an investor in KL Group, LLC, although this claim does not arise from SFM Holding's status as an investor in KL Group, LLC. Defendant, Shoreland Trading, LLC is a Receivership Entity.

9.  This action arises from transactions involving Shoreland Trading, LLC, John Kim, Won Lee, and Yung Kim (referred to as the Individual Defendants in the Case Management Order) in which Shoreland Trading, LLC and the Individual Defendants converted over $12,000,000 belonging to SFM Holdings, Ltd.

## VENUE

10. Venue is appropriate in the Southern District of Florida. Defendant Gary Lewis conducts business in the Southern District with an office in Miami, Florida and is subject to service in Miami, Florida. 28 USCA 1391(a). Defendant Shoreland Trading, LLC conducted business from 222 Lakeview Avenue, Suite 1700, West Palm Beach, Florida 33401 until the Receiver took control of that defendant.

11. Venue is also appropriate because a substantial part of the events, acts and omissions giving rise to this action occurred in the Southern District of Florida. 28 USCA 1391(a).

## FACTUAL BASIS

12. Dr. Salomon Melgen as President of the General partner of SFM Holdings, Ltd. owned an investment account at Bank of America Securities, LLC. (BOAS).

13. The investments in the account were managed by John Kim pursuant to a limited authorization giving to Kim the authority to trade securities held in the account of SFM Holdings, but not the authority to withdraw any assets from the account.

14. After the account suffered some losses SFM Holdings, Ltd. through Salomon Melgen, the President of its general partner, advised John Kim that SFM Holdings, Ltd would be closing the account.

15. On October 21, 2004, in order to induce Dr. Melgen to leave his investment in the account to be managed by John Kim at a time when Dr. Melgen intended to withdraw the funds, Shoreland Trading, LLC and John Kim provided Dr. Melgen with a written guarantee of his principal. Attached as Exhibit A.

16. Subsequently, John Kim persuaded SFM Holdings, Ltd. to transfer the assets in the account at Bank of America Securities, LLC (BOAS) to an account at Wedbush Morgan Securities, LLC. John Kim and Salomon Melgen agreed that the assets owned by SFM Holdings, Ltd. would be held in a segregated account under the name of SFM Holdings, Ltd., and that no one would be able to make withdrawals from the account other than Dr. Salomon Melgen.

17. Pursuant to these promises Dr. Melgen orally authorized John Kim to transfer the assets in SFM Holdings account number 1180*** at Bank of America to Wedbush Morgan Securities, LLC to be held in a segregated account under Dr. Melgen's name.

18. At the request of John Kim, Dr. Melgen signed papers presented to him for the purpose of opening a segregated account at Wedbush Morgan Securities, LLC in the name of  SFM Holdings, Ltd. These papers included a limited power of attorney under which Kim could trade assets, but could not withdraw assets from the account.

19. Dr. Melgen did not authorize the transfer of the account of SFM Holdings, Ltd. at BOAS to an account in the name of Shoreland Trading, LLC at BOAS.

20. Contrary to the agreement with SFM Holdings, Ltd., John Kim did not open an account at Wedbush Morgan Securities for SFM Holdings, Ltd.. On information and belief the account documents signed by Dr. Melgen were sent to Won Lee and never provided to Wedbush Morgan Securities, LLC.

21. Instead, Won Lee provided a letter to BOAS directing BOAS to transfer the assets in the account of SFM Holdings, Ltd. to an account at BOAS in the name of Shoreland Trading, LLC. That letter purports to be signed by Dr. Melgen. Exhibit B.

22. That letter is a forgery.

23. At the time of the forged authorization Shoreland Trading, LLC had no assets of its own in an account at BOAS.. Won Lee as manager of Shoreland Trading, LLC confirmed acceptance of the assets transferred from the account of SFM Holdings, Ltd. to the account of Shoreland Trading, LLC at BOAS. Exhibit C.

24. More than $12,000,000 worth of cash and securities was thus illegally transferred to Shoreland Trading, LLC. As of the date of the transfer, all of the assets in the Shoreland Account were the stolen property of SFM Holdings, Ltd.

25. Soon thereafter Won Lee caused the assets in the account at BOAS to be transferred to Wedbush Morgan Securities, LLC where they were held in the name of Shoreland Trading, LLC, not SFM Holdings, Ltd.

26. SFM Holdings, Ltd. never authorized Shoreland Trading, LLC or its General Partner, Won Lee, to take any action in regard to the accounts or assets of SFM Holdings, Ltd.

27. After executing forms to open an account at Wedbush Morgan Securities, Dr. Melgen began demanding from John Kim account information including, especially, statements for the account of SFM Holdings, Ltd. at Wedbush Morgan Securities. None were provided.

28. On February 25th, 2005 Dr. Melgen learned that Yung Kim and Won Lee had stolen funds entrusted to them in various investment funds.

29. John Kim was familiar with the accounts in the name of SFM Holdings, Ltd. In fact, he had personally promised Dr. Melgen that he would establish the accounts at Wedbush Morgan Securities as a segregated account from which no withdrawals could be made by anyone but Dr. Melgen.

30. Once the funds had been converted Mr. John Kim refused to provide any information to Dr. Melgen from which he could trace the accounts such as account numbers and locations or passwords to access the accounts.

31. The assets owned by SFM Holdings, Ltd. and converted by John Kim, Won

Lee and Shoreland Trading, LLC exceed $12,000,000 in cash and securities.

32. Each of the causes of action alleged accrued in Palm Beach County Florida.

## COUNT ONE

33.  This is an action for damages exceeding $15,000 against John Kim, Won Lee, and Shoreland Trading, LLC and Gary A. Lewis as receiver for Shoreland Trading, LLC.

34. Plaintiff re-alleges paragraphs 1-32.

35. On or about February 24th, 2005 Won Lee, and John Kim, in conspiracy with each other and with Shoreland Trading, LLC converted to their own use various securities and cash held in SFM Holdings account number 1180*** at Bank of America Securities, LLC that was then the property of Plaintiff of the approximate value of $15,000,000, for which they are jointly and severally liable.

Wherefore, Plaintiffs demand damages plus interest, costs and attorney fees against John Kim, Jung Kim, Won Lee, Shoreland Trading, LLC. and Gary Lewis as Receiver for Shoreland Trading, LLC.

## COUNT TWO

36.  This is an action for declaratory relief and to impose an equitable trust on assets held by Shoreland Trading, LLC and Gary A. Lewis as Receiver for Shoreland Trading, LLC.

37. Plaintiff re-alleges paragraphs 1-32.

38. As set forth above John Kim and Won Lee converted assets with a value of approximately $15,000,000 and placed those assets in the control of Shoreland Trading, LLC.

39. The remaining assets held by Shoreland Trading, LLC have been transferred to the control of Gary Lewis in his capacity as receiver for Shoreland Trading, LLC.

40.  Under the circumstances, Plaintiffs are entitled to have a trust imposed on those assets that were held by Wedbush Morgan Securities in the name of Shoreland Trading, LLC. These assets are the property of SFM Holdings, Ltd.  They were not invested in Shoreland Trading, LLC but were wrongfully converted from the possession of Plaintiff.

41. Further, an injunction should be imposed prohibiting transfer of the assets in the account to anyone other than Plaintiff to maintain the status quo.

42. If the court does not enjoin the transfer of these assets Plaintiffs will be irreparably harmed because the funds will be unrecoverable.

43. Plaintiff has no adequate remedy at law.

44. Plaintiff's entitlement to an equitable interest to the assets is clear and Plaintiff is likely to succeed on the merits.

45. The irreparable harm to Plaintiffs outweighs any harm to Defendants.

46. The public good will be served by an injunction which will preserve the trust of the public in the securities industry.

Wherefore Plaintiff prays this court will:

A.        declare that Plaintiff has an equitable trust in the assets previously held in the account of Shoreland Trading, LLC  at Wedbush Morgan Securities, and transferred to Gary Lewis as receiver, and

B.        temporarily and permanently enjoin the transfer of assets out of that account to anyone other than Plaintiffs, and

C.      award to Plaintiff an amount equal to the assets received by the

receiver from the account of Shoreland Trading, LLC at Wedbush

Morgan Securities, LLC.

### COUNT THREE

47. This is an action to recover for a fraudulent transfer in an amount exceeding

$15,000.

48. Plaintiff re-alleges paragraphs 1-32.

49. Won Lee, Yung Kim and John Kim have transferred funds belonging to

Plaintiff and held in Shoreland Trading, LLC to themselves or otherwise misappropriated

assets.

50. Also since at least October of 2004 Shoreland Trading, LLC has been

transferring funds to John Kim and Won Lee or entities controlled by them.

35. These transfers were made with intent to defraud SFM Holdings. Ltd.

51. At the time these transfers were made the debtors:

A. Were engaged or about to engage in a business or a transaction for which the

remaining assets of the debtor were unreasonably small in relation to the business or

transaction; or

B. Intended to incur, or believed or reasonably should have believed that they

would incur, debts beyond their ability to pay as they became due.

52. In January or February 2005 Defendants Yung Kim and Won Lee took all but

a small portion of the balance of assets in Shoreland Trading, LLC thereby rendering

Shoreland Trading, LLC insolvent.

53. Won Lee owns real estate at 5150 N. Ocean Drive Apartment 800, Riviera Beach, Florida purchased in May 2004. It is believed the property was purchased with funds from Shoreland Trading, LLC. The legal description is:

Condominium Unit 800, Via Delfino Condominium Unit 800 together with an undivided interest in a common elements, according the the declaration of condominium thereof recorded in Official Record Book 14448, Page 862 of the public records of Palm Beach County Florida.

54. John Kim owns real property at 19060 SE Reach Island Lane, Jupiter, Florida with Nicole Kim. It is believed that at least part of this real estate was purchased with assets transferred from Shoreland Trading LLC. The legal description is:

A parcel of land being a portion of Lot 22 of THIRD ADDITION TO JUPITER RIVER ESTATES according to the plat thereof as recorded in Plat Book 3, Page 70 of the Public Records of Martin County, Florida.

55. Gary Lewis as Receiver may have an interest in these parcels of real estate by virtue of the Court's Order appointing the Receiver.

Wherefore Plaintiffs pray this court will enter a judgment against Won Lee and John Kim and Gary A. Lewis as Receiver for damages, and award an interest in the real property to Plaintiffs sufficient to compensate for the fraudulent transfers by Defendants Lee and Kim.

COUNT FOUR

56. This is an action for an attachment of real property owned by Won Lee under authority of section 76.01 et seq, Florida Statutes.

57. Plaintiff re-alleges paragraphs 1-32.

10

58. The debt in the sum of $12,300,000 is due.

59.  Won Lee has fled the state of Florida and has concealed himself as well as assets of Shoreland Trading, LLC entitling Plaintiffs to a prejudgment writ under sections 76.04 (5,7,8,9 and 11.) Florida Statutes.

60. Won Lee owns real estate at 150 N. Ocean Drive Apartment 800, Riviera Beach, Florida.

Wherefore Plaintiffs demand judgment and issuance of a prejudgment and post judgment writs of attachment against 150 N. Ocean Drive Apartment 800, Riviera Beach, Florida.


DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all matters so triable.

JOHN SCAROLA                          LAWRENCE DUFFY
SEARCY DENNY SCAROLA                  LAW OFFICE OF LAWRENCE DUFFY
BARNHART  &SHIPLEY, PA                P. O Box 243699
2139 Palm Lakes Boulevard            Boynton Beach, FL  33424-3699
West Palm Beach, FL 33409

By:_____
        John Scarola, Esquire
        FL Bar No. 169440

## GUARANTY

The undersigned (hereinafter, the "Guarantors") in consideration of One Dollar and other good and sufficient consideration, the receipt of which is hereby expressly acknowledged, do hereby agree that Guarantors will jointly and severally guaranty, answer and otherwise be liable to Salomon Melgen for the amount of Twelve Million Three Hundred Thousand Dollars ($12,300,000.00)(the "Guaranteed Amount").

The Guarantors will deliver the amount the Guaranteed Amount no later than January 31, 2005.

This Guaranty is binding upon the Guarantors, their heirs, successors and assigns and shall remain in effect until January 31, 2005, and after all its obligations have been satisfied, at which time it shall terminate.

The validity and interpretation of this Guaranty shall be determined by the applicable contract laws of Florida.

IN WITNESS WHEREOF, the Guarantors have caused this Guaranty to be executed effective as of this 21th day of October, 2004.

"Guarantors"

_____
John Kim
Guarantor

_____
Won S. Lee, Managing Member
On Behalf of Shoreland Trading, LLC
Guarantor

"Salomon Melgen:

_____
Salomon Melgen

EXHIBIT A

MAR 07 2005 13:24 FR BANK    AMERICA-LEGAL3 387 1086 TO 704602574~    P.03/10

FEB 25 2005 14:32 FR BANCAMERICA SEC    214 209 9971 TO 921420    :9    P.01/10
NOV 04 2004 12:50 FR PRIME BKRG    2142203446 TO BS    P.01/05

To:  **Matt Jose**
   Bank of America Securities

From:  **Dr. Sal Melgen**
   SFM Holdings Ltd.

Date:  November 2, 2004

Re:  Transfer of Funds and Securities from
   SFM Holdings, Ltd. Acct. No. 11801222

118-01222
to
118-01147

Dear Mr. Jose,

 The instruction contained in this letter is to facilitate the transfer of my account from Bank of America Prime Brokerage to Wedbush Morgan Securities. Please transfer all equity and all stock positions in my Bank of America Prime Brokerage account, Account No. 11801222, to Shoreland Trading prime brokerage account, Account No. 11801147. It is my understanding that the positions and funds will then be transferred to Wedbush Morgan Securities.

 If you have any questions, please contact me or Won Lee.

Sincerely,

Dr. Sal Melgen
SFM Holdings Ltd.



EXHIBIT B

MAP 07 2005 13:24 FR BANK AMERICA-LEGAL4 387 1086 TO   946025744   P.04/12
FEB 25 2005 14:32 FR BANCAMERICA SEC   214 209 9971 TO 921420 29   P.02/10
NOV 04 2004 12:50 FR PRIME BKRG   2142203446 TO BS   P.02/05

To:        Matt Jose
           Bank of America Securities

From:      Won Lee
           Shoreland Trading, LLC

Date:      November 4, 2004

Re:        Acceptance of Funds and Securities from
           SFM Holdings, Ltd. Acct. No. 11801222

Dear Matt,

     Per Dr. Melgen's instruction regarding SFM Holdings Ltd. (Acct. No. 11801222),
Shoreland Trading hereby accepts the funds and securities into Acct. No. 11801147. The
positions and funds in the Shoreland account will be transferred to Wedbush Morgan
Securities in the near future.

     If you have any questions, please contact me or Won Lee.

Sincerely,

Won S. Lee
Managing Member
Shoreland Trading, LLC

NOV 04 2004 10:59

PAGE.02

PAGE 2/10 * RCVD AT 2/25/2005 12:30:25 PM [Pacific Standard Time] * SVR:CRPSFORBS03/8 * DNIS:8352642 * CSID:214 209 9971 * DURATION (mm-ss):03-14

EXHIBIT C

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
SFM HOLDINGS, L...

06-80

**DEFENDANTS**
JOHN KIM, SHORELAND TRADING, LLC,
WON LEE, JUNG KIM, AND GARY LEWIS AS
RECEIVER FOR SHORELAND TRADING, LLC

**(b)** County of Residence of First Listed Plaintiff   Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Martin
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John Scarola, Esquire   CIV-MIDDLEBROOKS
Searcy Denney, et al.
2139 Palm Beach Lakes Blvd. MAGISTRATE JUDGE
WPB, FL 33409 -- 561-686-6300 JOHNSON

Attorneys (If Known)
Michael Tein, Esquire

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

9:06cv80801-middlebrooks
Johnson

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☒ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page:)
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☒ YES ☐ NO
JUDGE Ryskamp    DOCKET NUMBER 06-80652 (Civ)

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Common law

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   Aug 21, 2006

FOR OFFICE USE ONLY
AMOUNT              RECEIPT #  5380